**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

October 21, 2026

**LETTER ORDER**

**TO: ALL COUNSEL OF RECORD**

**Re:** ***Butler v. Glenmark Pharmaceuticals, Inc., USA***
**Civil Action No. 24-8907 (EP) (JSA)**

***Brewton v. Glenmark Pharmaceuticals, Inc., USA***
**Civil Action No. 25-12055 (EP) (JSA)**

Dear Counsel:

Before the Court are Defendant Glenmark Pharmaceuticals Inc., USA's ("GPI") applications to seal portions of: (1) the Transcript of the Discovery Conference held before the Undersigned on March 25, 2026 (at times, "the Transcript") (ECF No. 104); (2) portions of five letter briefs and exhibits submitted in connection with a discovery dispute relating to GPI's privilege designations (ECF Nos. 102-03, 105-06 & 109, at times, the "Privilege Briefing") (ECF No. 111); and (3) portions of this Court's Opinion and Order, dated September 9, 2026, addressing the parties' privilege dispute (ECF No. 121, at times, the "Privilege Opinion"). (*See* ECF Nos. 108, 111 & 123, collectively, at times, the "Sealing Applications"). Plaintiffs oppose GPI's request to seal the Transcript and the Privilege Opinion but have not submitted opposition to GPI's request to seal the Privilege Briefing. (*See* ECF No. 108 & 123). No oral argument was heard. Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, GPI's applications are **GRANTED IN PART AND DENIED IN PART**.

## I. RELEVANT PROCEDURAL BACKGROUND[1]

The issue of sealing has been a proverbial thorn in this case. Not only have numerous applications to seal pervaded this case, (*see, e.g.,* ECF Nos. 28, 34, 63, 77, 78, 86, & 108), but the parties' respective positions have recently diverged. Both parties initially agreed and consented to sealing significant portions of the court filings. Plaintiffs, however, have more recently argued that only minimal sealing is appropriate.

[1] This Court limits its recitation of the procedural history primarily to prior applications to seal. This recitation is mostly drawn from this Court's previous Order dated March 12, 2026. (*See* ECF No. 110).

By way of recent background, on June 26, 2025, Plaintiffs filed the Second Amended Complaint ("SAC"), which is the operative pleading, in both redacted and unredacted form. (See ECF Nos. 51, 52). On July 30, 2025, the parties filed a joint motion to seal the unredacted version of the SAC because they agreed that the unredacted SAC revealed confidential communications between GPI and FDA, as well as information relating to GPI's internal testing protocols, testing results, and investigation (at times, "the confidential information"). (ECF No. 63). This Court granted the motion to seal on July 31, 2025. (ECF No. 64). Approximately two months later, the parties' positions on sealing changed.

On September 2, 2025, GPI filed a pre-motion letter, pursuant to the judicial preferences of the Honorable Evelyn Padin, U.S.D.J., seeking leave to file a formal motion to dismiss the SAC. (ECF No. 72). Plaintiffs filed both redacted and unredacted versions of their letter response on September 9, 2025 (ECF Nos. 73 & 74). The parties then filed a joint motion to seal the unredacted version of Plaintiffs' September 9th letter on September 23, 2025, which referenced the confidential information. (See ECF Nos. 77 & 78). The Court granted that motion on September 25, 2025. (ECF No. 81). Soon thereafter, GPI filed its motion to dismiss the SAC on October 24, 2025. (ECF No. 82). Plaintiffs filed opposition to the motion to dismiss on November 3, 2025, simultaneously filing a redacted opposition brief on the public docket, which again contained the confidential information, (ECF No. 84), and an unredacted version under seal (ECF No. 83). GPI filed a motion to seal the unredacted version of Plaintiffs' opposition brief. (*See* ECF No. 86-1 at 6-10 & 13). Plaintiffs opposed the request. (*Id.*) Ultimately, the Court granted GPI's motion, finding that Plaintiff had not demonstrated any changed circumstance warranting a different result. (*See* ECF No. 110).

As a precursor to the instant Sealing Applications, on March 25, 2026, this Court held a Discovery Conference to address a dispute regarding GPI's assertion of the attorney-client privilege. (ECF No. 99).[2] Because the parties were unable to resolve the dispute, the Court directed counsel to submit letter briefs and sample documents for *in camera* review. (*Id.*) In accordance with that directive, the parties submitted their Privilege Briefing under ECF Nos. 102, 103, 105, 106, and 109. This Court subsequently issued its Privilege Opinion on September 9, 2026, (ECF No. 121), which resolved the underlying privilege dispute.

The court now turns to the pending Sealing Applications. (*See* ECF Nos. 108, 111, 123). GPI moves to seal portions of the Transcript of the March 25th Discovery Conference, the Privilege Briefing, and the Privilege Opinion. Plaintiffs oppose GPI's requests with respect to the Transcript and the Privilege Opinion but have not submitted opposition to sealing the Privilege Briefing.

## II. <u>LEGAL STANDARD</u>

There is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). However, this "presumpt[ion] [of] access to documents filed in court does not extend to material filed with discovery motions." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Nonetheless, whether the presumption of public access applies, a party seeking to seal information associated with a judicial proceeding still must demonstrate "good cause" to seal court filings. *Securimetrics,*

[2] A Transcript of the Court's hearing was placed on the docket on April 16, 2026. (*See* ECF No. 104).

*Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006); *Allied Corp. v. Jim Walter Corp.*, 1996 WL 346980, at *4 (E.D. Pa. June 17, 1996) ("Although there is no public right of access to discovery motions or the raw fruits of discovery, federal judges are not free to indiscriminately permit parties to pursue some or all of their discovery under the cloak of court ordered secrecy."). Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics*, 2006 WL 827889, at *2 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by L. Civ. R. 5.3(c)(3), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *Id.* The third factor cannot be satisfied by "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Pansy*, 23 F.3d at 786. Nor is the potential for reputational harm alone sufficient to warrant sealing. *See In re Avandia Mktg. Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019). Furthermore, "it is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3." *In re Benicar (Olmesarten) Products Liab. Litig.*, 2016 WL 266353, at *3 (D.N.J. Jan. 21, 2016).

## III. DECISION

GPI contends that the information at issue in the Sealing Applications is the same confidential material that has already been sealed on prior occasions in this case. Plaintiffs, however, contend that circumstances have changed, and so, much of the sealing GPI now seeks is no longer appropriate.

### A. Transcript of the March 25th Discovery Conference

GPI seeks to seal portions of the Transcript of the March 25th Conference. (*See* ECF No. 108). As explained in GPI's moving papers, during the Conference, Plaintiffs' counsel made statements on the record purporting to characterize confidential communications and documents disclosed by GPI during discovery, including correspondence between GPI and FDA. (*See id.* at 7-9).[3] GPI disputes the accuracy of Plaintiffs' counsel's characterizations, but nevertheless, contends that portions of the Transcript must be sealed to protect GPI's commercially sensitive information pertaining to business operations and to prevent immediate and serious harm. (*See* Declaration of Daniel K. Winters, Esq., ECF No. 108-2; *see also* ECF No. 108-1 at 9-15).

Plaintiffs argue against sealing the Transcript because they claim the disputed sections are mere generalized attorney argument rather than reference or contain specific competitive secrets. Plaintiffs further argue that the GPI has failed to identify any concrete, particularized harm that would result from disclosure. Instead, Plaintiffs contend that GPI is merely attempting to avoid reputational harm, which is legally insufficient to justify sealing court records. (*See* ECF No. 108-

[3] The following portions of the Transcript are in dispute: Tr. 12-9-12; 13:22-25; 29:20-30:3; 31:23-32:5; 41:15-17; 41:23-42:2; 42:24-43:1; and 48:14-16.

2, Ex. A).

The Court does not dispute that correspondence with the FDA is generally considered confidential and may qualify for sealing. *See, e.g.*, *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 2007 WL 2085350, at *4 (D.N.J. July 18, 2007) (sealing FDA correspondence). This general concept, however, is not applicable here, and thus does not warrant redacting and sealing the Transcript.

First, the Transcript does not contain any direct quotations from confidential material exchanged in discovery or from FDA correspondence. Rather, the disputed portions contain only attorney argument, which is qualitatively different than the confidential information that has been previously sealed in this case. Thus, the Court rejects GPI's argument to the contrary.

Second, there is a presumption of public access to court proceedings, and thus, this case should not be litigated in the dark. The SAC discusses in largely unredacted terms a large public recall relating to GPI's product at issue in this case. Indeed, aspects of the SAC directly quote prior FDA warning letters received by GPI (*see id.*, ¶¶ 50, 51). In support of sealing, GPI's moving papers speak only of generic harm and lean on the Court's prior sealing orders to justify sealing portions of the Transcript. However, this is insufficient to warrant sealing of an open court proceeding. In short, the Court does not find that mere attorney argument which describes and characterizes confidential materials by opposing counsel is the equivalent of referencing or revealing confidential information. Accordingly, GPI has not met its burden of demonstrating that Plaintiffs' counsel's statements during oral argument, as memorialized in the Transcript, could cause a clearly defined and serious injury to GPI.

Finally, the Court notes that at least some portions of the Transcript do not involve FDA communications at all. Instead, some portions at issue involve Plaintiffs' counsel's opinion of what GPI's officers and employees did (or did not do) regarding issues relating to quality control and internal response following initiation of the recall. (*See, e.g.*, Tr. 41:23-42:4; 42:23-43:1). While not revealing the specific substance of the colloquy in the Transcript, the Court does not find that these disclosures involve, in any way, sensitive commercial information, the public disclosure of which would cause GPI harm. As a result, GPI's request to seal the Transcript is **DENIED**.

**B. The Privilege Briefing**

As stated above, the Privilege Briefing consists of five letter briefs and exhibits. (*See* ECF Nos. 102, 103, 105, 106 & 109). The Privilege Briefing constitutes a discovery motion, and thus, there is no presumed right of public access to these materials. *See, e.g.*, *Leucadia*, 998 F.2d at 165.

According to GPI, the Privilege Briefing "divulge[s] commercially sensitive information including GPI's commercial operations, recall processes, testing results, internal investigations; internal findings; internal assessments; practices and methods; regulatory information; and confidential communications with the FDA regarding the ongoing investigaton and recall." (ECF No. 111-1 at 11-12). GPI has filed redacted versions of the Privilege Briefing on the Court's public docket. (*See* ECF Nos. 107, 112-115). Plaintiffs have not submitted a response to GPI's request

to seal the Privilege Briefing.

The Court finds that GPI's request to seal the Privilege Briefing is unlike their request to seal the Transcript and is more akin to the prior sealing of the confidential information that has been permitted in this case. Having reviewed, considered, and decided the privilege dispute, this Court is familiar with the content of the Privilege Briefing, which, unlike the Transcript, contains extensive citation to and quotation of confidential documents exchanged in discovery, including FDA correspondence. Accordingly, the Court is satisfied that GPI's request to seal the Privilege Briefing is warranted as it involves confidentially produced discovery materials over which there is no presumed right of public access. Accordingly, based on nature of the materials at issue and GPI's allegations of harm, GPI's request to seal the Privilege Briefing is **GRANTED**.

### C. The Privilege Opinion

On September 9, 2026, this Court issued the Privilege Opinion. (*See* ECF No. 121). Because the parties had filed the Privilege Briefing under partial seal and with redactions, the Court filed its Privilege Opinion under temporary seal and directed the parties to confer and submit any proposed redactions on or before October 1, 2026. (*See id.* at 19).

On October 1, 2026, the parties submitted a letter containing their competing positions on redacting the Privilege Opinion. (*See* ECF No. 123). GPI has proposed several redactions to the Privilege Opinion, contending that filing the Privilege Opinion in unredacted form would reveal confidential and commercially sensitive information.

In opposition, Plaintiffs contend that there is a pervasive "common law right" of access to judicial orders, and that sealing a judicial opinion requires a "compelling showing." *In re Avandia*, 924 F.3d at 672. Furthermore, Plaintiffs contend that the circumstances that once supported sealing have changed because "the specific materials have been the subject of judicial decision-making and Glenmark has abandoned manufacture of the potassium chloride drug in question," and "any future 'harm' to Glenmark would not be from competitive injuries, but simply from disclosure of facts Glenmark would rather conceal from the public." (ECF No. 123 at 2).

The redaction and sealing of a judicial opinion, even one citing discovery materials, requires a "compelling" showing. *See In re Avandia*, 924 F.3d at 672. As one court in this district has explained:

> Because the opinion is a judicial record, a presumption of public access applies. That presumption, a strong one to begin with, *see Avandia*, 924 F.3d at 672, is particularly robust when applied to judicial opinions. *Lipocine [Inc. v. Clarus Therapeutics, Inc.*,], 2020 WL 4569473, at *3 [D. Del. Aug. 7, 2020] (interest in public access to judicial records "applies with special force to judicial opinions"; collecting cases); *see also In re Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (describing court decisions as "the 'quintessential business of the public's institutions' " and issuing public opinions as "core 'to the transparency of the court's decisionmaking process' "

> (citations omitted)); *In re Forbes Media LLC*, 2022 WL 17369017, at *4 (same). And here, the portions of the opinion that ABIM seeks to redact go to the core of the judicial role. *Commerzbank AG v. Bank of New York Mellon*, 2023 WL 5530015, at *1 n.1 (S.D.N.Y. Aug. 28, 2023) ("[A] court's decisions are adjudications—direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing.") (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998)).

*American Bd. of Internal Med. v. Salas Rushford*, 2025 WL 957698, at *5 (D.N.J. Mar. 31, 2025) (denying request to seal portions of summary judgment opinion citing discovery materials). Despite the strong presumption of openness that exists relating to judicial opinions, a judicial opinion may nevertheless be redacted if the moving party can establish a clearly defined and serious injury that would result from public disclosure. *See id*. at *5-6.

Here, GPI's proposed redactions include (i) direct quotations from correspondence to and from the FDA, (*see* ECF No. 123-1 at 3-5), and (ii) other allegedly sensitive information, including general discussion of whom within GPI and its parent company received and sent emails relating to the recall, as well as some limited aspects of GPI's internal response to FDA (*see id.* at 13 n.10, 16-17).

Based on the nature of the FDA correspondence and the fact that such correspondence has been found to be sensitive and generally entitled to protection, GPI's request to redact and seal direct quotes from FDA-related correspondence in the Privilege Opinion is **GRANTED**, and the following portions of the Privilege Opinion will be sealed: **(1)** Page 3, sentence starting with "I' continuing through the end of the second paragraph on page 4, concluding with footnote 4, and **(2)** Page 5, starting with word after "Class I," and concluding at the end of that sentence. This limited sealing is consistent with the prior sealing decisions in this case and the relevant case law. *See Bracco,* 2007 WL 2085350, at *4.

However, the remainder of GPI's proposed redactions are **DENIED**. Specifically, the Court does not find that the remainder of GPI's proposed redactions to the Privilege Opinion—which include aspects of GPI's internal and external response to the recall, as well as the names of email senders and recipients—are sensitive at all, let alone that there are compelling circumstances that would warrant redacting this information from a judicial opinion. Moreover, even if this information initially may have qualified for sealing, its inclusion in a judicial opinion removes that protection unless a compelling showing is made—which GPI has failed to establish. In short, the fact that GPI's executives or other employees were involved in the response to the recall of the product at issue in this case is not confidential or commercially sensitive information that would warrant sealing.

## IV. CONCLUSION

For the reasons set forth above, GPI's respective requests to seal are **GRANTED IN PART AND DENIED IN PART**. The parties are directed to submit an amended, redacted Privilege Opinion in accordance with the rulings herein on or before **October 30, 2026**.

The Clerk of the Court is directed to terminate ECF Nos. 108, 111, and 123.

**SO ORDERED**.

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**